[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, an antiques dealer, seeks to recover from the Estate on an oral agreement allegedly entered into with the defendant executrix, Carol Martin. The executrix denies any agreement was entered into.
The plaintiff offered no evidence to substantiate his version of the events, leaving the court to choose between the testimony of the plaintiff and that of Ms. Martin. Since the plaintiff has the burden of proof, one would expect to buttress his testimony. While he made reference to using the services of a consultant, that person was not produced.
Absent corroborative evidence and only the two versions to choose from, the court concludes that the plaintiff has not sustained his burden of proof and as to the first count, judgment may enter for the defendants.
In a second count sounding in unjust enrichment, the plaintiff seeks to recover for the benefit bestowed on the estate because the plaintiff's appraisal was utilized as part of the inventory filed in the Probate Court.
There are several problems with this claim not the least of which is the fact that the plaintiff is on record as not planning to charge for the appraisal. This hurdle could be overcome if the court had evidence as CT Page 12227 to the reasonable value of the furnished appraisal. Instead, the court has been asked to award the plaintiff a sum representing 20 hours of work at his usual rate of $150 to $200 per hour.
This sum is not necessarily the value of the benefit received by the estate and the court cannot speculate in making such an award. The plaintiff cannot prevail on the second complaint.
The executrix has filed a counter claim in two counts, alleging the plaintiff breached the duty of good faith and fair dealing and violated the Connecticut Unfair Trade Practices Act (CUTPA).
While the plaintiff has not sustained his burden on his complaint, it does not necessarily follow he breached any duty owed the defendants. This transaction between the parties could well be a case of mutual mistake, a misunderstanding, or negligence. These options could also be applied to the CUTPA claim. On that count, the court heard no evidence which rises to the level of CUTPA violation.
Judgment may enter for the defendants on the complaint and for the plaintiff on the defendants' counterclaim.
Anthony V. DeMayo Judge Trial Referee